IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33643-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASEY WADE, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Casey Wade appeals from his conviction for third degree retail theft with special circumstances, contending that the magnets and key he used to unlock Wal-Mart's security devices did not constitute an implement or device designed to defeat a security system. Concluding that the evidence supported the jury's determination, we affirm.

## FACTS

Mr. Wade was arrested after a customer assisted store security in stopping Wade's flight from a Spokane Valley Wal-Mart store. An investigation uncovered nine empty

security devices in the men's room garbage can after Mr. Wade had entered the room. Nine plastic-wrapped video games were discovered in Mr. Wade's backpack, along with charging cords, a bolt cutter, a pry bar, and a screwdriver. In his right pocket, police discovered 35 powerful small magnets, a thin key, and a tumbler key. His left pocket contained a knife and box cutters.

The magnets were arranged in three columns along the key, a configuration that allowed a person to open the magnetic lock on the security cases used to protect the video games by sliding the magnet group along the top of the case. The prosecutor filed a felony charge of third degree retail theft with special circumstances, alleging the crime was committed with an "item, article, implement, or device designed to overcome security systems." Clerk's Papers (CP) at 15. The matter ultimately proceeded to jury trial.

The magnets, keys, and one of the security devices recovered from the restroom were admitted into evidence. Trial testimony established that a device containing a magnet was used by store employees to open the security cases that held the video games. At the conclusion of the State's case, the defense moved to dismiss the charge, arguing that magnets were a common item and not specifically manufactured to defeat security devices. After taking a recess to review case law, the court concluded that the configuration of the magnets on the key could be considered a device and that the matter

2

No. 33643-3-III
*State v. Wade*

was appropriately a question for the jury.[1] Neither party offered a definitional jury instruction on the topic.

The parties respectively argued the matter to the jury on the basis that the arrangement of magnets was or was not a device designed to overcome a security system. The jury convicted Mr. Wade as charged. The court imposed a 90 day sentence with credit for 71 days already spent in custody. Mr. Wade then timely appealed to this court.

ANALYSIS

The appeal raises the sufficiency of the evidence as the sole issue.[2] Mr. Wade argues that magnets and keys are ordinary objects that have many uses other than to defeat security devices. However, we agree with the trial court that the arrangement of the magnets on the key provided sufficient evidence that the jury could conclude Mr. Wade used a device or instrument that he had designed to overcome a security device.

Well settled standards govern review of evidentiary sufficiency challenges in criminal cases. The reviewing court does not weigh evidence or sift through competing testimony. Instead, the question presented is whether there is sufficient evidence to

---

[1] Curiously, after trial the State prepared, and the trial court signed, findings of fact and conclusions of law denying the motion. CP at 92-95.

[2] Mr. Wade also requests that we waive appellate costs in the event he does not prevail in this appeal. Since he has not provided us with an updated financial statement in accordance with our general order, we decline his motion without prejudice to his presenting the matter to our commissioner in the event the State seeks costs and he is able to provide updated information.

3

support the determination that each element of the crime was proved beyond a reasonable

doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979);

*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). The reviewing court will

consider the evidence in a light most favorable to the prosecution. *Green*, 94 Wn.2d at

221. Reviewing courts also must defer to the trier of fact "on issues of conflicting

testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v.

Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), *abrogated on other grounds by*,

*Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

As charged in this case, the prosecutor had to establish the defendant committed

third degree theft while

> in possession of an item, article, implement, or device designed to
> overcome security systems including, but not limited to, lined bags or tag
> removers.

RCW 9A.56.360(1)(b), (4). The only question presented by this appeal is whether the

magnet group constituted an "article, implement, or device." The statute does not further

define this phrase, but that language was at issue in *State v. Larson*, 184 Wn.2d 843, 365

P.3d 740 (2015). *Larson* was released after trial in this case and both parties rely on it in

their briefing to this court.

There, the defendant had used wire cutters to remove a security tag from a pair of

shoes at a store in Bellingham. *Id.* at 846. Resolving a split between Division One and

Division Two, the court determined that an ordinary item did not constitute a "device

4

designed to overcome security systems." *Id*. at 848-49. Noting that the word "designed" was not synonymous with "used," the court focused on the common usage of the object. *Id*. at 853. The statute targeted items that were specifically created to overcome security devices such as tag removers and lined bags. It did not apply to ordinary tools of general usage. *Id*. The conviction was reversed. *Id*. at 855. The court reiterated its holding:

> We hold that "designed to overcome security systems" for the purposes of retail theft with "extenuating" circumstances under RCW 9A.56.360(1)(b) is limited to those items, articles, implements, or devices created—whether by the defendant or manufacturer—with the specialized purpose of overcoming security systems. Ordinary tools, such as pliers or the wire cutters used by Larson, do not fall within the scope of RCW 9A.56.360(1)(b).

*Id*.

Likening his situation to that in *Larson*, Mr. Wade argues that magnets are a common device that are not manufactured specifically to overcome security systems. While we agree with that general observation, Mr. Wade was not prosecuted for possessing a single magnet strong enough on its own to open the security box. Instead, he possessed 35 magnets, arranged in three columns roughly the length of the metal in the security box, and joined to a key, making it easy to use the magnets in concert to slide open the security box. The jury was permitted to infer that the defendant assembled the magnets in this grouping in order to defeat a security system.

5

No. 33643-3-III
*State v. Wade*

Accordingly, we believe the evidence supported the jury's determination that this homemade device was created for the purpose of overcoming a security device. The conviction for third degree retail theft with special circumstances is affirmed.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

6